**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | |
|---|---|
| KEITH LONG AND MEGAN LONG, on behalf of themselves and all others similarly situated | ) ) ) ) ) Civil Action No. ) |
| Plaintiffs | ) |
| v. | ) ) |
| 3M COMPANY, E.I DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, AND THE CHEMOURS COMPANY FC, LLC | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Keith Long and Megan Long, for their Complaint against 3M Company, E.I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC, state as follows:

### NATURE OF ACTION, JURISDICTION, AND VENUE

1. This is a putative class action brought on behalf of the Representative Plaintiffs Keith Long and Megan Long and other similarly situated persons harmed by the migration of hazardous carcinogenic chemicals that Defendants designed, manufactured, and sold, into the soil, groundwater, air, groundwater aquifer, and drinking water for Plaintiffs' properties in and near Canton, Missouri.

2. The hazardous chemical migration exposed Representative Plaintiffs and other Putative Class Members to PFAS that damaged Representative Plaintiffs' properties and caused Representative Plaintiffs increased risk for latent diseases and cancers that necessitates medical monitoring for the Representative Plaintiffs and members of the Putative Class.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(d)(2) in that this is a class action, as defined in 28 U.S.C. §1332(d)(1)(B), in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs. Additionally, this Court has jurisdiction because there is complete diversity of citizenship between Representative Plaintiffs and Defendants.

4. Venue is proper in this District pursuant to 28 U.S.C. §1391 because the damages to Representative Plaintiffs and the putative class members occurred within this District, and a substantial part of the events or omissions giving rise to the claims occurred within this District.

**PARTIES**

5. Keith Long and Megan Long are married, and are United States and Missouri citizens and residents who currently own and reside at a home located at 305 Constantz Drive, Canton, Lewis County, Missouri, who bring this case on behalf of themselves, and all other Missouri citizens similarly situated. The home at 305 Constantz Drive is served by Canton Municipal Water that the Longs have used for drinking water and bathing.

6. Plaintiffs and putative class members are United States citizens who are Missouri residents.

7. Defendant 3M Company (3M) is a Delaware corporation with its principal place of business at 3M Center, St. Paul, Minnesota.

8. Defendant E.I. du Pont de Nemours and Company (Historical DuPont) is a Delaware corporation with its principal place of business at 974 Centre Road, Wilmington Delaware.

9. Defendant The Chemours Company is a Delaware corporation with its principal place of business at 1007 Market Street, Wilmington Delaware.

10. The Chemours Company was incorporated as a subsidiary of Historical DuPont as of April 30, 2015. From that time until July 2015, The Chemours Company was a wholly-owned subsidiary of Historical DuPont. In July 2015, Historical DuPont spun off The Chemours Company and transferred to The Chemours Company its "performance chemicals" business line, which includes its fluoroproducts business.

11. Defendant The Chemours Company FC, LLC is a Delaware corporation with its principal place of business at 1007 Market Street, Wilmington, Delaware.

12. The Chemours Company and The Chemours Company FC, LLC are collectively referred to in this Complaint as "Chemours".

13. Historical DuPont merged with The Dow Chemical Company in August 2017 to create DowDuPont, Inc. (DowDuPont). Historical DuPont and The Dow Chemical Company each merged with wholly-owned subsidiaries of DowDuPont and, as a result, became subsidiaries of DowDuPont. Since that time, DowDuPont has effected a series of separate transactions to separate its businesses into three independent, publicly traded companies for each of its agriculture, materials science, and specialty products businesses.

14. Defendants E.I. Du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC, are collectively referred to as "Dupont" in this Complaint.

## FACTUAL ALLEGATIONS

15. 3M and Dupont designed, manufactured, formulated, promoted, marketed and sold (directly and indirectly) PFAS products that were used and/or deposited in or near Canton, Missouri.

16. PFAS are a family of chemical compounds containing fluorine and carbon atoms.

17. Plaintiffs do not seek damages for any PFAS contained in any firefighting (AAFF) form products.

18. PFAS are human-made, synthetic chemicals that do not exist naturally in the environment.

19. PFAS, as used herein, includes, but is not limited to: perfluoctane sulfonic acid (PFOS), perfluorooctanoic acid (PFOA), perfluorononanoate (PFNA), perfluorohexanesulfonic acid (PFHxS), and perfluoroheptanoic acid (PFHpA).

20. PFAS chemicals migrate long distances through soil and groundwater and are transported long distances through the air.

21. PFAS chemicals persist in the environment and do not readily break down or biodegrade.

22. PFAS chemicals are toxic to humans at very low levels and bioaccumulate in humans.

23. PFAS chemicals persist in the environment, particularly in water, and permeate in, and move through air, soil, and groundwater where PFAS can be ingested by humans and become toxic as they bioaccumulate in the blood stream, kidneys, liver and other organs and tissues of the human body, thereby causing and posing serious latent harm to humans including cancers, ulcerative colitis, reproductive health harm, increased cholesterol levels, and birth defects.

24. The hazardous PFAS chemicals used and/or deposited near Canton, Missouri, have migrated into the soil, air, groundwater and drinking water underlying Plaintiffs' properties in and near Canton, Missouri.

25. Plaintiffs did not know, could not know, and should not have known until late 2022 that the hazardous PFAS chemicals had migrated into the soil, air, groundwater, and drinking water on and under Plaintiffs' properties in and near Canton, Missouri because Defendants withheld that safety information from them and the public.

26. The hazardous PFAS chemicals that migrated into Plaintiffs' soil, air, groundwater and drinking water is and was carcinogenic and hazardous to human health.

27. 3M was the primary manufacturer of PFAS chemicals in the United States from the 1940s through the early 2000s.

28. 3M was the only known manufacturer of PFOS and PFHxS in the United States.

29. 3M was a major manufacturer of PFOA.

30. 3M manufactured PFOA and PFOS as raw chemical materials for use in 3M products and products made by third parties.

31. 3M supplied PFAS to DuPont who began purchasing PFOA from 3M in 1951 for use in DuPont's Teflon products.

32. DuPont supplied PFAS to third parties for use in third party products.

33. 3M and DuPont were the only companies to manufacture and sell PFOA in the United States.

34. DuPont continued to manufacture, market, and sell PFOA until 2013.

35. Since the 1950s, 3M knew from its internal studies that PFOA and PFOS were harmful to humans and the environment.

36. By 1960, 3M knew that PFOA and PFOS were capable of leaching into groundwater used for drinking.  An internal memo from 1960 described 3M's understanding that such wastes would eventually reach the water table and pollute domestic wells.

37. In the 1970s, 3M began monitoring the blood of its employees for PFAS because 3M was concerned about the health effects of PFAS and in 1976 confirmed that PFAS chemicals were in its workers' blood at levels up to 1000 times higher than normal.

38. In 1975, 3M found PFOA to be widespread in human plasma according to samples taken in the United States.

5

39. In 1978, 3M concluded in internal reports that PFOS and PFOA are likely to persist in the environment for extended periods and that one PFAS compound was completely resistant to biodegradation.

40. In 1979, a 3M internal document stated that PFOA and PFOS were known to persist for a long time in the human body and create long term chronic exposure.

41. In 1951, DuPont began using PFOA in its Teflon products that were marketed to the public beginning in 1961.

42. By 1966, DuPont was aware that PFOA could leach into groundwater.

43. By 1979, Dupont had data indicating that its workers who were exposed to PFOA had a significantly higher frequency of health issues compared to unexposed workers.

44. By 1980, DuPont confirmed internally that continued exposure to PFOA was not tolerable and that PFOA accumulates in the body with exposure.

45. By 1981, DuPont was aware that PFOA exposure caused birth defects to newborn children of women exposed to PFOA.

46. In 2000, John R. Bowman, a DuPont in-house counsel, wrote an email to several colleagues warning that Dupont should get a clean source of water or filter PFAS out of the water system in a community with PFAS water contamination.

47. In 2005, DuPont made a public statement to the press that there were no human health effects known to be caused by PFOA. DuPont's own Epidemiology Review Board advised against the public statement and questioned the evidentiary basis for the public statement.

48. In 2005, the EPA fined DuPont $16.5 million for concealing the environmental and health effects of PFAS from the public.

49. Plaintiffs and their properties were and are exposed to hazardous PFAS chemicals that were manufactured by 3M and Dupont that have migrated through air and water.

6

50. EPA has issued a health advisory for PFOA and PFOS in drinking water. The PFOA health advisory limit is .004 ppt (parts per trillion) and the PFOS health advisory limit is .02 ppt.

51. Sampling of the drinking water in the Canton City drinking water wells indicates PFOS levels at 6.1 ppt and PFOA levels at 23 ppt., well above EPA health advisory limits.

52. As a direct and proximate result of Defendants' actions and inaction, Representative Plaintiffs have incurred damages to their properties including contamination, loss of use and enjoyment, and /or diminution in value.

53. As a direct and proximate result of Defendants' actions and inaction, Representative Plaintiffs have been exposed to hazardous and carcinogenic chemicals for which Representative Plaintiffs should be awarded medical monitoring damages including but not limited to PFAS blood monitoring.

54. Defendants acted with complete indifference and conscious disregard for the health, safety and properties of Plaintiffs and others such that punitive damages should be awarded.

## CLASS ACTION ALLEGATIONS

55. Pursuant to Federal Rule of Civil Procedure 23, the Representative Plaintiffs bring this action on behalf of themselves, and other members of the putative class.

56. The putative classes for this case are: "All Missouri residents whose properties were damaged by hazardous contaminants manufactured by 3M and/or Dupont in or near Canton, Missouri;" and "All Missouri residents who were exposed to hazardous contaminants manufactured by 3M and/or Dupont in or near Canton, Missouri."

57. Excluded from the putative classes for this case is the Judge to whom this case is assigned, Defendants and Defendants' agents and representatives, and all those who timely opt out of the certified classes.

58. This action satisfies the numerosity, commonality, typicality, and adequacy requirements for class certification set forth in Rule 23 of the Federal Rules of Civil Procedure.

59. The members of the Classes, numbering in the thousands, are so numerous that joinder of all class members in this case is impractical.

60. There is a well-defined commonality between Representative Plaintiffs and the putative Classes.

61. There are common questions of law and fact applicable to the claims asserted on behalf of the Classes. Those common questions include, but are not limited to:

    (a) Whether the Defendants acted negligently;

    (b) Whether Representative Plaintiffs and putative class members were harmed by hazardous PFAS chemicals manufactured by 3M and Dupont in or near Canton, Missouri;

    (c) Whether Representative Plaintiffs' and putative class members' properties were damaged by hazardous PFAS chemicals from Defendants;

    (d) Whether Representative Plaintiffs and putative class members are entitled to medical monitoring damages including, but not limited to blood monitoring for PFAS;

    (e) Whether any of the defenses asserted by Defendants are appropriate; and

    (f) Whether Defendants acted with conscious disregard for the health, safety and properties of others, rendering them liable for punitive damages.

62. Representative Plaintiffs' claims are typical of the claims of the Classes.

63. Questions of law and fact common to the members of the Classes overwhelmingly predominate over any questions affecting only individual class members.

64. Damages do not require individual inquiry.

65. A class action is superior to other available methods for fair and efficient adjudication of the controversy because the number of class members is in the thousands, the expense and burden of individual litigation of these claims is impracticable or impossible given the size of the class members' claims, and trial of these claims is manageable.

66. The Representative Plaintiffs will fairly and adequately represent and protect the interests of the proposed Classes. The Representative Plaintiffs' interests are not antagonistic to those of all members of the Putative Classes, and Plaintiffs understand their duties to the Classes, and are prepared to fulfill them. Plaintiffs have retained competent and experienced counsel in the prosecution of class action litigation.

## COUNT I

**(Strict Liability Design Defect Against 3M and Dupont)**

67. Plaintiffs incorporate by reference the foregoing allegations.

68. Defendants 3M and Dupont designed, manufactured and sold PFAS products that were used and/or deposited in or near Canton, Missouri.

69. Defendants 3M and Dupont PFAS products were in a defective condition and unreasonably dangerous to people and the environment when those PFAS products were put to their reasonably anticipated uses because those products have a design that allows the products to migrate into the environment, remain persistent in the environment, bioaccumulate in humans, and cause harm to the environment and humans.

70. Defendants 3M and Dupont PFAS products were used in a manner reasonably anticipated by 3M and Dupont.

71. Plaintiffs and their properties were harmed and damaged by the defective design of Defendants 3M and Dupont PFAS products that contained their design defects when sold.

9

72. As a direct and proximate result of Defendants 3M and Dupont's defective and unreasonably dangerous PFAS, Representative Plaintiffs and the Putative Classes incurred damages to their persons and properties, including, but not limited to, the need for groundwater remediation, home filters and plumbing replacements, and medical monitoring.

## COUNT II

### Negligence Against 3M and Dupont

73. Plaintiffs incorporate by reference the foregoing allegations.

74. Defendants 3M and Dupont designed, manufactured, and sold PFAS products that were foreseeably used and/or deposited in or near Canton, Missouri.

75. Defendants 3M and Dupont failed to exercise ordinary care and were negligent in the following respects:

   a. Defendants 3M and Dupont failed to warn Plaintiffs and the public regarding the hazards associated with their PFAS products;

   b. Defendants 3M and Dupont failed to design and manufacture a safer alternative product than the PFAS they designed, manufactured and sold;

   c. Defendants 3M and Dupont failed to adequately test their PFAS products for harm to the environment and to human health.

76. As a direct and proximate result of Defendants 3M and Dupont's failure to use ordinary care and negligence, Representative Plaintiffs and the Putative Classes incurred damages to their persons and properties, including, but not limited to, the need for groundwater remediation, home filters and plumbing replacements, and medical monitoring.

### PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. For an Order certifying Representative Plaintiffs' claims in this action as a Class Action under the appropriate provisions of the Federal Rules of Civil Procedure 23(a), 23(b), and 23(c), designating Class Representatives; and appointing the undersigned to serve as Class counsel;

2. For notice of class certification and of any relief to be disseminated to all Class Members and for such other further notices as this Court deems appropriate under Federal Rule of Civil Procedure 23(d)(2);

3. For an order barring Defendants from attempting, on their own or through their agents, to induce any Putative Class members to sign any document which in any way releases any of the claims of any Putative Class members;

4. For an award of compensatory damages in amounts to be determined for all injuries and damages described herein;

5. For an award of punitive damages to the extent allowable by law, in an amount to be proven at trial;

6. For interest on the above as allowed by law;

7. For an award of attorneys' fees and costs on Representative Plaintiffs' claims; and

8. For such other and further relief as is warranted and in the interest of justice.

## DEMAND FOR JURY TRIAL

Plaintiffs request a jury trial on all issues so triable.

Respectfully submitted,

/s/ Brian J. Madden
Brian J. Madden      MO #40637
Alison L. Bangert    MO #71297
Sam A. Moore         MO #74970
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Tel. (816) 701-1100/Fax (816) 531-2372
bmadden@wcllp.com
abangert@wcllp.com
smoore@wcllp.com


/s/ Scott S. Bethune
Scott S. Bethune     MO #35685
Wes Shumate          MO #60396
DAVIS, BETHUNE & JONES, LLC
1100 Main Street, Suite 2930
P.O. Box 26250
Kansas City, MO 64196
Tel. (816) 421-1600/Fax (816) 472-5972
sbethune@dbjlaw.net
wshumate@dbjlaw.net


/s/ Brett B. Bozarth
Brett B. Bozarth     MO #61047
BOZARTH LAW L.L.C.
405 Clark Street, Suite 120
Canton, MO 63435
Phone: (573) 288-1111
Fax:   (573) 288-1110
bbozarth@bozarthlawllc.com

**ATTORNEYS FOR PLAINTIFFS**